Case No. 18-3156

IN THE

# United States Court of Appeals

### FOR THE TENTH CIRCUIT

THE UNITED STATES OF AMERICA EX REL. MICHELE COFFMAN,

*Plaintiff-Appellant,*

—v.—

THE CITY OF LEAVENWORTH, KANSAS,

*Defendant-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
HONORABLE JULIE A. ROBINSON D.C. NO. 2:14-CV-02538-JAR

## PLAINTIFF-APPELLANT'S PETITION FOR PANEL REHEARING

MARK V. DUGAN
HEATHER J. SCHLOZMAN
DUGAN SCHLOZMAN LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528
mark@duganschlozman.com
heather@duganschlozman.com

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. Box 4786
Olathe, Kansas 66063 (913)
538-7472
robert@collinslegal.com

*Attorneys for Plaintiff-Relator-Appellant Michele Coffman*

April 12, 2019

**TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES | iii |
| ARGUMENT | 1-4 |
| CERTIFICATE OF COMPLIANCE | 6 |
| CERTIFICATE OF DIGITAL SUBMISSION | 7 |
| CERTIFICATE OF SERVICE | 8 |

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Ehrenhaus v. Reynolds.*, 965 F.2d 916, 921 (10th Cir. 1992) . .. . . . . . . . . . . . . . .. . . . . 4

*Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*,
    715 F.2d 1444 (10th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Wildman*, 850 F.2d 553, 555-556 n. 4 (7th Cir. 1988). . . . . . . . . . . . . . . . 4

*Sadeghi v. I.N.S.*, 40 F.3d 1139, 1143 (10th Cir. 1994) . .. . . . . . . . . . . . . . . . . . . . 4

*U.S. v. Science Applications Intern. Corp.*,
    626 F.3d 1257 (D.C. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Universal Health Services, Inc. v.*
    *United States and Massachusetts ex rel. Escobar*,
 136 S.Ct. 1989 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Statutes**

31 U.S.C. § 3729(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

31 U.S.C. § 3729(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# ARGUMENT

Appellant Michele Coffman petitions for panel rehearing of this Court's March 29, 2019 Opinion (Doc 010110146303) affirming the decision of the District Court granting summary judgment in favor of Defendant based on what it described as a deficiency in Appellant's opening brief. A panel rehearing is appropriate when there are "point[s] of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed.R.App.P. 40(a)(2).

The crux of the Court's March 29 Order was that Coffman did not adequately brief the False Claims Act's scienter requirement in her opening brief: "[w]hat Coffman does *not* address in her opening brief is evidence that the City knew it was violating its NPDES permit or environmental laws when it submitted its monthly invoices to the federal agencies." Order at 6.

But the False Claims Act explicitly does not require a plaintiff-relator to make the showing the Court says Coffman failed to make. As Coffman showed in her opening brief, while the FCA imposes liability for "knowingly" presenting a false claim to the government, the Act defines "knowingly" as having actual knowledge *or* acting with deliberate ignorance or reckless disregard for the truth or falsity of the information. 31 U.S.C. § 3729(b)(1)(A) (emphasis added); Appellant's Opening Brief at 51. The Act provides further that a relator need not show "specific intent to defraud." 31 U.S.C. § 3729(b)(1)(B); *Universal Health Services, Inc. v. United States and Massachusetts ex rel. Escobar*, 136 S. Ct. 1989, 1999 n. 2 (2016);

Appellant's Opening Brief at 51. Thus, a plaintiff-relator need not show that the defendant had actual knowledge about its violations of law, and in turn its violations of the contracts in which it agreed to follow the law, if she can establish that the contractor was deliberately ignorant or recklessly indifferent.

Coffman further showed in her opening brief that scienter may be established within an entity even if there is no single individual responsible for both compliance and invoicing or if an organization's structure prevents it from learning of the falsity of its claims. Appellant's Opening Brief at 52, *citing U.S. v. Science Applications Intern. Corp.*, 626 F.3d 1257, 1276 (D.C. Cir. 2010). With that showing, a relator can establish that the organization "acted in deliberate ignorance or reckless disregard of the truth of its claims." *Id.*

Applying these principles to the facts set forth in the record, Coffman showed in her opening brief not only that the City failed to comply with environmental laws, and thus with its contracts with government agencies, but that under the City's organizational structure, different persons were responsible for environmental compliance and invoice submission, that invoices were submitted based only on limited information regarding wastewater flow and maintenance costs, and that the record contains no evidence that the City made a diligent inquiry about its compliance before it submitted its invoices, or in fact any inquiry at all. Appellant's Opening Brief at 52-53. Further applying the law of scienter, Appellant showed that (1) a reasonable juror could conclude, based on specific facts, that the City knew the environmental compliance requirements in its contracts were material, and that (2)

"because the City has the requisite scienter as to materiality while failing to make even basic inquiries about whether the City was in compliance with environmental obligations before creating each invoice, the City acted with deliberate ignorance or reckless disregard for the truth," thus satisfying the scienter requirement set forth at 31 U.S.C. § 3729(b)(1)(A). Appellant's Opening Brief at 55.

Thus, Plaintiff showed in her opening brief, based on citations to facts in the record, as well as to the absence of facts that might negate scienter, that the FCA scienter standard – in particular, the language regarding "deliberate ignorance" or "reckless disregard" for the truth or falsity of a submission to the government – was satisfied.

The panel noted that Coffman expanded on the scienter issue in her reply brief, but stated that "her failure to address the City's knowledge of permit or environmental law violations in her opening brief deprived the City of the opportunity to respond," and that "contentions not raised in an opening brief are forfeited." Order at 7. But as set forth above, Coffman did raise the scienter issue in her opening brief. Appellant's Opening Brief, pp. 51-55. She described the standard in detail, quoting from the statute and the case law; described evidence in the record regarding the City's environmental violations, its invoicing practices, the City's organizational structure, and its failure to take any steps to determine the truth or falsity of its implied certification of environmental compliance; and described why those facts satisfied the standard for scienter.

While Coffman presented information in her reply brief that responded to arguments set forth in the City's brief, she did not raise any new issues in her reply brief. When an appellant presents material in a reply brief in response to argument in the appellee's brief, the court will consider the issue. *Sadeghi v. I.N.S.*, 40 F.3d 1139, 1143 (10th Cir. 1994), *citing In re Wildman*, 850 F.2d 553, 555-556 n. 4 (7th Cir. 1988). In such circumstances, the appellee suffers no prejudice. Indeed, the City here fully addressed Coffman's scienter argument, both in the district court and in this Court. At no point did Coffman's briefing present any surprise to the City.

In short, while Coffman presented argument and evidence regarding the scienter issue in her opening brief, with application of the facts in the record to the legal standard for scienter, the panel declined to consider the merits based on a description of scienter – that evidence must show "that the City knew it was violating" the law – that is more exacting than the statute or the case law require. This Court has expressed a "strong preference for resolving cases on the merits." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (cases will be decided on non-merits issues only in unusual circumstances); *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). Coffman requests that the Court consider the merits here.

Dated: April 12, 2019                                Respectfully submitted,

By */s/ Mark V. Dugan*
MARK V. DUGAN
HEATHER J. SCHLOZMAN
DUGAN SCHLOZMAN LLC

8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528
mark@duganschlozman.com
heather@duganschlozman.com

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. Box 4786
Olathe, Kansas 66063
(913) 538-7472
robert@collinslegal.com
*Attorneys for Plaintiff-Relator-Appellant Michele Coffman*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because:

a)     this Brief contains 1,010 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

b)     this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016, in Times New Roman 14-point font.

Dated: April 12, 2019

By */s/ Mark V. Dugan*
MARK V. DUGAN
HEATHER J. SCHLOZMAN
DUGAN SCHLOZMAN LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528
mark@duganschlozman.com
heather@duganschlozman.com

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. Box 4786
Olathe, Kansas 66063 (913) 538-7472
robert@collingslegal.com
*Attorneys for Plaintiff-Relator-Appellant Michele Coffman*

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) All required privacy redactions have been made per 10th Cir. R. 25.5;

(2) The hard copies that have been submitted to the Clerk's Office are exact copies of the ECF Filing; and

(3) The ECF submission have been scanned for viruses with the most recent version of Security Manager AV Defender v. 6.6.2.49 (last update 9.28.2018) and, according to the program are free of viruses.

Dated: April 12, 2019

By */s/ Mark V. Dugan*
MARK V. DUGAN
HEATHER J. SCHLOZMAN
DUGAN SCHLOZMAN LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528
mark@duganschlozman.com
heather@duganschlozman.com

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. Box 4786
Olathe, Kansas 66063 (913) 538-7472
robert@collingslegal.com

*Attorneys for Plaintiff-Relator-Appellant*

# CERTIFICATE OF SERVICE

I certify that, on April 12, 2019, I caused the forgoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which provides notification of such filing to all counsel of record.

By */s/ Mark V. Dugan*
MARK V. DUGAN
HEATHER J. SCHLOZMAN
DUGAN SCHLOZMAN LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528
mark@duganschlozman.com
heather@duganschlozman.com

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. Box 4786
Olathe, Kansas 66063 (913) 538-7472
robert@collingslegal.com
*Attorneys for Plaintiff-Relator-Appellant Michele Coffman*