IN THE

# UNITED STATES COURT OF APPEALS
### FOR THE TENTH CIRCUIT
------------------------

THE UNITED STATES OF AMERICA EX REL. MICHELE COFFMAN,

*Plaintiff-Appellant*,

v.

THE CITY OF LEAVENWORTH, KANSAS,

*Defendant-Appellee*,

----------------------------
ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
HONORABLE JULIE A. ROBINSON
D.C. NO. 2:14-cv-02538-JAR

## PLAINTIFF-APPELLANT'S PETITION FOR PANEL REHEARING

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. BOX 4786
Olathe, Kansas 66063
(913) 538-7472
robert@collinslegal.com

MARK V. DUGAN
HEATHER SCHLOZMAN
DUGAN SCHLOZMAN, LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528
mark@duganschlozman.com
heather@duganschlozman.com

*Attorneys for Plaintiff-Relator-*
  *Appellant Michele Coffman*

May 24, 2019

# TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF DIGITAL SUBMISSION . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*United States v. United States Cartridge Co.*,
198 F.2d 456 (8th Cir. 1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States ex rel McCurdy v. General Dynamics Nat'l Steel Shipbldg..*
(NASSCO), 2010 U.S. Dist. LEXIS 90307,
at *10-12 (S.D. Cal. Aug. 31, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Grand Union Co. v. United States*, 696 F.2d 888, 891 (11th Cir. 1983) . . . . . . . . . 2

*United States v. Hangar One, Inc.*, 563 F.2d 1155, 1158 (5th Cir. 1977) . . . . . . . . 2

*Accord United States v. Route 2, Box 472*, 60 F.3d 1523, 1528 (11th Cir. 1995) . . 2

*United States ex rel. Vavra v. Kellogg Brown & Root,*
727 F.3d 343, 375 (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*U.S. v. Science Applications Intern. Corp.*,
626 F.3d 1257, 1276 (D.C. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*U.S. ex rel. Wuestenhoefer v. Jefferson,*
105 F.Supp 3d 641, 668 (N.D. Miss. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Universal Health Services, Inc. v. United States and Massachusetts ex rel.*
*Escobar,* 136 S.Ct. 1989 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. United Healthcare*, 848 F.Supp. 1161, 1174 (9th Cir. 2016) . . . . . 4

*U.S ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 952-53 (10th Cir. 2008) . . . . . . . . 4

*U.S. ex rel Smith v. The Boeing Co.*, 825 F.3d 1138, 1149 (10th Cir. 2016) . . . . . . 4

*United States v. United Healthcare*, 1161, 1174 (9th Cir. 2016) . . . . . . . . . . . . . . 7

*Brown v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . 8

*U.S. ex rel. Lemmon v. Envirocare of Utah,*                      *. . . . . . . . . . . . . . . . . 10*

*Sadeghi v. I.N.S.*, 40 F.3d 1139, 1143 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . .11

*In re Wildman*, 850 F.2d 553, 555-556 n. 4 (7th Cir. 1988) . . . . . . . . . . . . . . . . . . 11

**Statutes**

U.S.C. §3729(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

31 U.S.C. §3729(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 C.F.R. §422.503 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# ARGUMENT

Appellant Michele Coffman petitions for panel rehearing of this Court's May 10, 2019 Opinion (Doc 010110166813) affirming the decision of the District Court granting summary judgment in favor of Defendant based on what it described as a deficiency in Appellant's opening brief. A panel rehearing is appropriate when there are "point[s] of law of fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(a)(2).

The Court held in its May 10 Order that Coffman did not adequately brief the False Claims Act's scienter requirement in her opening brief and that, "[a]lthough Coffman responds in her reply brief to the City's contention that the WWTP employees lacked knowledge of environmental violations caused by the bypass events and the Vactor truck procedures, her failure to address this issue in her opening brief deprived the City—as the appellee—of the opportunity to respond to her belated factual assertions and arguments." Order at 10.

As Appellant's opening brief states, "For purposes of the Act, the knowing conduct of a corporation's employees and agents acting within the scope of their employment is imputed to the corporation, . . . and the doctrine of *respondeat superior applies. See United States v. United States Cartridge Co.*, 198 F.2d 456 (8th Cir. 1952), *cert denied*, 345 U.S. 910 (1953)." Aplt. Op. Br. at 51-52.

While there is a split in the circuits as to how scienter of an employee is to be imputed, (*See, e.g. United States ex rel McCurdy v. General Dynamics Nat'l Steel Shipbldg.* (NASSCO), 2010 U.S. Dist. LEXIS 90307, at \*10-12 (S.D. Cal. Aug. 31, 2010) (noting circuit split)), the principle remains that the scienter of employees may be imputed to the corporation.

The Fifth and Eleventh Circuits have held that "the knowledge of an employee is imputed to the corporation when the employee acts for the benefit of the corporation and within the scope of his employment." *Grand Union Co. v. United States*, 696 F.2d 888, 891 (11th Cir. 1983); *United States v. Hangar One, Inc.*, 563 F.2d 1155, 1158 (5th Cir. 1977); *Accord United States v. Route 2, Box 472*, 60 F.3d 1523, 1528 (11th Cir. 1995) (citing *Grand Union Co.*) The Fifth Circuit has further held that the proper test for imputing knowledge to a corporation for the knowing violation of anti-kickback provisions is that those employees must have authority, responsibility, or a managerial role within the corporation such that their knowledge is imputed to the corporation. *United States ex rel. Vavra v. Kellogg Brown & Root,* 727 F.3d 343, 375 (5th Cir. 2013).

In the present case, treatment plant operators, Assistant Superintendents, including Appellant, and the plant Superintendent (manager) each had actual knowledge of the violations employees were directed to carry out by the plant Superintendent. Their knowledge may be imputed to Appellee.

Additionally, scienter may be established through a form of collective knowledge where the entity is set up in such a way that there is no single individual responsible for both compliance and invoicing or if its structure prevents it from learning of the falsity of its claims. Aplt. Op. Br. at 52, citing *U.S. v. Science Applications Intern. Corp.*, 626 F.3d 1257, 1276 (D.C. Cir. 2010). *See also U.S. ex rel. Wuestenhoefer v. Jefferson*, 105 F.Supp 3d 641, 668 (N.D. Miss. 2015) citing SAIC (2010).

Where collective knowledge exists, the contractor has the obligation to make basic inquiries regarding compliance before submitting invoices for payment which either expressly or impliedly certify compliance with terms or conditions of a contract, statute or regulation the contractor knows to be material to the government's bargain. (SAIC 2010)

Separately, the whole point of the Supreme Court's ruling in *Universal Health Services, Inc. v. United States and Massachusetts ex rel. Escobar,* 136 S.Ct. 1989 (2016) was that implied false certifications of compliance with terms or conditions of contracts, statutes or regulations can be actionable False Claims Act violations if the term or condition to which the contractor falsely certified was material as defined by the Court. *Id.*

In such cases, the act of submitting invoices or claims for payment impliedly certifies to the government the contractor's compliance with those material terms or conditions. Aplt. Op. Br. at 39.

Consequently, when a contractor has scienter that a term or condition is material, the contractor has a duty to inquire before submitting the invoice or certification or otherwise acts in reckless disregard of the truth of falsity of the information, and that is scienter under the False Claims Act. (*Id.* at 24-25; 54; 31 U.S.C. §3729(b)(1)*, United States v. United Healthcare*, 848 F.Supp. 1161, 1174 (9th Cir. 2016)),

The Court has cited to *U.S ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 952-53 (10th Cir. 2008) (holding that the proper focus of the scienter inquiry under 31 U.S.C. §3729(a) must always rest on the defendant's "knowledge" of whether the claim is false) and *U.S. ex rel Smith v. The Boeing Co*., 825 F.3d 1138, 1149 (10th Cir. 2016) (holding that Plaintiff must show more than a falsehood—she must show that defendant knowingly presented a false claim for payment.) Order at 5.

These cases can be distinguished from the present case. The defendant in *Burlbaw* avoided liability by having relied in good faith on what had been fully disclosed to the government and the government's approval. In contrast, the appellee here made false statements to the government (KDHE) and then relied on the resulting statements from KDHE to contend that it was in compliance with

environmental requirements and that it had no scienter to the contrary. And appellee separately concealed from KDHE the fact that it allowed the broken sewer pipe to leak untreated sewage into Five Mile Creek even until November 2011 and Appellee manifested scienter that it was violating its permit and/or environmental laws when Appellee's Deputy Public Works Director stated in an email that "kdhe is now poking around and we will be in big trouble in short order if we don't act." Aplt. Op. Br. at 32. This is distinguishable from the facts in *Burlbaw*.

And Plaintiff's claims in *Smith* were premised on conclusory statements that Boeing "must have known" the parts did not comply with the regulations and that Boeing "must have known" compliance with the regulations were material to the government's bargain.

In contrast, Appellant in the present case proffered not mere conclusory statements but actual evidence that environmental compliance was material to these Federal Contracts.

Appellant pointed to the language of the Army contract where the Description of Work expressly set forth that the service being purchased by the Arm was for the wastewater to be received, carried, treated and disposed of in a manner and by such means as shall constitute no hazard to public health, and in compliance with all applicable Federal, state and local laws. Aplt. Op. Br. at 39. Appellant pointed to an Executive Order requiring contractors to comply with the Clean Water Act and

environmental laws. *Id*. at 46-47. And Appellant pointed to the environmental purpose for which the Army began contracting with private wastewater treatment contractors instead of handling its own wastewater treatment. *Id.*

Appellant established that environmental compliance went to the very essence of the Federal contracts at issue. *Id.* at 54; also at 45-49, 53. The Supreme Court held in *Escobar* that this can establish materiality. *Id.* at 43. Appellant also established materiality through a holistic analysis of factors test which has been held as a means to establish materiality. *Id.* at 43-45. Appellant established that Appellee breached its duty and recklessly failed to know the truth or falsity of whether environmental compliance was material to the government. *Id.* at 53-54. Separately, Appellant presented the testimony of Appellee's Corporate Representative stating that environmental compliance is an important part of each of Appellee's Federal contracts. *Id.* at 54. *Escobar* asks if a reasonable objective person would attach importance to the term or condition. *Id.* at 43. The admission by Appellee's Corporate Representative says that he did. *Id.* at 54. Appellee has, therefore, admitted the materiality of environmental compliance to each of its Federal Contracts. Each of these on their own is sufficient to establish materiality under *Escobar*.

As such, it is established that environmental compliance was material to these Federal contracts. And Appellee, through the admissions of its own corporate representative, satisfies Appellant's requirement to prove Appellee had scienter that environmental compliance was material.

And with this scienter of materiality, Appellee had a duty to inquire and to insure compliance before submitting invoices for payment impliedly certifying compliance for which the government was paying. (Aplt. Op. Br. at 24-25; 52-54; *United States v. United Healthcare*, 1161, 1174 (9th Cir. 2016) (recognizing a duty to inquire before certifying compliance under the False Claims Act and likening the due diligence requirements to inquire before certifying compliance under 42 C.F.R. §422.503 and its reckless disregard standard for scienter to the False Claims Act's standard for scienter.)

Under the Implied Certification theory of Escobar, a contractor is impliedly certifying to the terms and conditions of the contract, statutes and regulations that are known to be material to the government's bargain. This creates an obligation to make a reasonable inquiry by the contractor about the compliance to which it is expressly or impliedly certifying compliance. *Id.* The failure to do so constitutes deliberate ignorance or reckless disregard for the truth (scienter) under the False Claims Act. *Id.* And this is what Appellant argued in her opening brief to which Appellee thoroughly responded. Aplt. Op. Br. at 55.

Further, as Appellant argued in her opening brief, the Tenth Circuit has repeatedly held that merely sending invoices for full payment implies that the contractor has complied with all contractual requirements and is entitled to full payment. Aplt. Op. Br. at 39.

Appellant has established materiality in her opening brief.

The Court states that it "routinely ha[s] declined to consider arguments that are not raised or are inadequately presented in an appellant's opening brief." *Brown v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Order at 10.

It must here, then, be analyzed just what facts and arguments Appellant raised regarding Appellee's scienter in her opening appellate brief. Appellant raised and argued the following facts:

Appellee knew that its contract with the Army required it to receive, treat and dispose of all sanitary sewage [The Government releases] into the City's sewer system and in a manner and by such means as shall constitute no hazard to public health, and shall operate its sewage disposal and treatment facilities in conformity with applicable laws, rules, and regulations. Appellee knew the reason it incurred operation and maintenance expenses (which it passed on to the government agencies) was that it was required to treat wastewater in accordance with environmental requirements. And it knew that it instead discharged untreated

sewage to Five Mile Creek and committed other environmental violations. Aplt. Op. Br. at 30.

Appellee knew it discharged raw, untreated sewage without a permit. *Id.* at 31.

Appellee knew that for fifteen months it had knowingly leaked untreated sewage into Five-Mile Creek as a textbook Clean Water Act violation. *Id.* at 32. And it knew this would get it in trouble with KDHE if that fact was disclosed. Specifically, in November 2011, the City's Deputy Public Works Director stated that "kdhe is now poking around and we will be in big trouble in short order if we don't act." *Id.*

Appellee knew it discharged treated wastewater without a permit. *Id.* at 33.

Appellee knew that it failed to prevent sanitary sewer overflows which, according to the EPA Consent Order into which Appellee was made to enter, Appellee was found to have violated the City's NPDES permit from 2010 until 2014. *Id.* at 34.

Appellee knew from the EPA that the reason for these unpermitted overflow discharges was that Appellee failed to operate and maintain its wastewater treatment facilities in accordance with the standards set forth in the City's NPDES permit. *Id.*

Appellee knew it dumped sewage waste in violation of environmental laws. *Id.* Appellee knew that this involved dumping untreated septage on the ground

outside of its wastewater treatment plant. *Id.* And Appellee knew that it collected material, mostly domestic septage, from City sewer lines, transported the material to the wastewater treatment plant, decanted the water into the plant's headworks, and then dumped the remaining material on the ground just outside the wastewater treatment plant's fence. *Id.* at 34-35.

Appellee knew that it did not dispose of this material in a lined pit, post warning signs, restrict access, or analyze the material that was dumped. *Id.* at 37.

Appellant argues that, similar to the defendant in *U.S. ex rel. Lemmon v. Envirocare of Utah,* Appellee improperly handled wastewater after accepting it from the government agencies, that Appellee *was aware of (scienter) its violations*, that Appellee requested payment from the government, that Appellee did not inform the government of its violations, and that government paid the amounts demanded. *Id.* at 50.

As stated above, this is knowledge of Appellee's employees and Treatment Plant managers that is imputed to Appellee. It is also knowledge of violations about which Defendant had an obligation to inquire before impliedly falsely certifying compliance through the submission of invoices.

This appeal is brought seeking de novo review—a review anew. And Appellant had an obligation to establish 1) that Appellee violated environmental

laws or contract provisions, 2) that those violations were material to the government's bargain as defined by law, 3) that Appellee had scienter that those violations were material, and 4) that Appellee had scienter (actual knowledge, deliberate ignorance, or reckless disregard for the truth or falsity) of the environmental and/or contract violations. And Appellant has done so in her opening brief.

Appellee, in its response, has raised the defense that it lacked scienter of environmental violations, however, because it relied statements from KDHE that it was compliant. Apele Br. at 43.

It is Appellant's contention that she is allowed to reply to that argument raised by Defendant, and that that is what she did with her reply brief. And Appellant has done so in reliance of the Court's holding that, when an appellant presents material in a reply brief in response to argument in the appellee's brief, the court will consider the issue. *Sadeghi v. I.N.S.*, 40 F.3d 1139, 1143 (10th Cir. 1994), citing *In re Wildman*, 850 F.2d 553, 555-556 n. 4 (7th Cir. 1988).

It is Appellant's position that allowing the content of Appellant's reply is consistent with this Court's prior holdings, that Appellant's reply brief in no way deprived, surprised or prejudiced Appellee, that Appellant's reply brief was simply

a response to arguments raised by Appellee that it lacked scienter because it relied on statements from KDHE.

Appellant's reply brief simply established that because KDHE's statements were premised on knowingly false statements and concealment by Appellee toward KDHE that the case law precludes and makes ineffectual that defense to negate scienter.

It is Appellant's contention that allowing the content of its reply brief establishes evidence of genuine issues of material fact in dispute that are inappropriate for Summary Judgment or dismissal.

But, even if the Court holds that Appellant failed to satisfy her burden in her opening brief based on a failure to sufficiently address, in the court's view, the defense that the Appellee subsequently raised about its reliance on statements from KDHE to negate scienter, Appellant raised ample evidence in her opening brief to establish that the Appellee's reliance on KDHE's statements did not apply to every billed month in question.

As set forth above, there is evidence in Appellant's opening brief of months in which Appellee was in violation of its permit and of the Clean Water Act by allowing a broken sewer pipe to leak into Five Mile Creek. And Appellee's internal emails stating ""kdhe is now poking around and we will be in big trouble in short

order if we don't act" make clear Appellee's scienter that it was violating environmental rules enforced by KDHE, which would include its NPDES permit and the Clean Water Act.

If KDHE had was aware and had told them this was ok to still be allowing the pipe to be leaking into the creek as of November 2011, after the flood, there would have been no need for concerns about KDHE "poking around" or expressions that being found out would result in "big trouble in short order."

Separately, Appellant established in her opening brief that Appellee had scienter of environmental violations identified by the EPA in which Appellee was forced to enter a Consent Decree.

As with concerns about KDHE poking around resulting in big trouble, knowledge that the EPA found violations of Appellee's NPDES permit and of environmental laws identified in the Consent Decree nullifies the negated scienter Appellee claims from its reliance upon statements from KDHE.

Accordingly, Appellant hereby petitions the Court to bifurcate its prior ruling in this case and allow Appellant to proceed with her claims as to the months in which a genuine issue of material fact in dispute has been established in Appellant's opening brief to which Appellee's defense that it lacked scienter based on its reliance on KDHE statements does not apply.

Appellant's opening brief has established evidence upon which a reasonable juror could find Defendant had scienter of its permit, environmental or contract violations in those months, including, but not limited to, July through November of 2011 when evidence in the record shows that KDHE had not granted consent or approval to Appellee.

Dated: May 24, 2019

Respectfully submitted,

By /s/ Robert K. Collins

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. BOX 4786
Olathe, Kansas 66063
(913) 538-7472
robert@collinslegal.com

MARK V. DUGAN
HEATHER SCHLOZMAN
DUGAN SCHLOZMAN, LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528
mark@duganschlozman.com
heather@duganschlozman.com

*Attorneys for Plaintiff-Relator-*
*Appellant Michele Coffman*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because:

a)  this Brief contains 2,923 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

b)  this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016, in Times New Roman 14-point font.

Dated: May, 24, 2019

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. BOX 4786
Olathe, Kansas 66063
(913) 538-7472
robert@collinslegal.com

MARK V. DUGAN
HEATHER SCHLOZMAN
DUGAN SCHLOZMAN, LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528

mark@duganschlozman.com
heather@duganschlozman.com

*Attorneys for Plaintiff-Relator-*
*Appellant Michele Coffman*

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) All required privacy redactions have been made per 10th Cir. R. 25.5;

(2) The hard copies that have been submitted to the Clerk's Office are exact copies of the ECF Filing; and

**(3)** The ECF submission has been scanned for viruses with the most recent version of Security Manager AV Defender v. 6.6.2.49 (last update 9.28.2018) and, according to the program, free of viruses.

May 24, 2019

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. BOX 4786
Olathe, Kansas 66063
(913) 538-7472
robert@collinslegal.com

MARK V. DUGAN
HEATHER SCHLOZMAN
DUGAN SCHLOZMAN, LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528
mark@duganschlozman.com
heather@duganschlozman.com

*Attorneys for Plaintiff-Relator-*
*Appellant Michele Coffman*

## CERTIFICATE OF SERVICE

I certify that, on May 24, 2019, I caused the foregoing brief to be

electronically filed with the Clerk of the Court using the CM/ECF system, which

provides notification of such filing to all counsel of record.

ROBERT COLLINS
COLLINS LAW OFFICE, LLC
P.O. BOX 4786
Olathe, Kansas 66063
(913) 538-7472
robert@collinslegal.com

MARK V. DUGAN
HEATHER SCHLOZMAN
DUGAN SCHLOZMAN, LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
(913) 322-3528
mark@duganschlozman.com
heather@duganschlozman.com

*Attorneys for Plaintiff-Relator-*
*Appellant Michele Coffman*